IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTOINE R. WILLIAMS, | ) | No. C 06-6981 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| KHALED ALJUHAIM and LEE MARKET, | ) | (Docket No. 2) |
| Defendants. | ) | |

Plaintiff, an inmate incarcerated at the Alameda County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against two private entities, a grocery store and its manager, alleging that they assaulted him on May 12, 2006. Plaintiff has also filed a motion to proceed in forma pauperis (docket no. 2), which is now DENIED as moot. No fee is due.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se

pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Legal Claim

In this case, Plaintiff has sued a private individual and a private entity, a store. A private individual generally does not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Therefore, Plaintiff's claims are DISMISSED without prejudice to Plaintiff bringing the claims in a court which has jurisdiction to hear them.

**CONCLUSION**

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the reasons set forth above. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: November 27, 2006

JEFFREY S. WHITE
United States District Judge

2